David L. Aronoff (SBN: 152606)
daronoff@winston.com
Gayle I. Jenkins  (SBN: 168962)
gjenkins@winston.com
Saul S. Rostamian (SBN: 235292)
srostamian@winston.com
Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, California  90071-1543
Telephone:  213-615-1700
Facsimile:   213-615-1750

Laura M. Franco (SBN: 186765)
lfranco@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111-5802
Telephone:  415-591-1000
Facsimile:   415-591-1400

Attorneys for Plaintiffs
BANC OF CALIFORNIA, INC. and
BANC OF CALIFORNIA, N.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BANC OF CALIFORNIA, INC. AND BANC OF CALIFORNIA, N.A., <br><br> Plaintiffs, <br><br> v. <br><br> FARMERS & MERCHANTS BANK OF LONG BEACH, a California corporation, and DOES 1 through 10, <br><br> Defendants. | **Case No.  8:16-CV-01601-CJC-AFM** <br><br> Hon. Cormac J. Carney <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> Complaint Filed:  August 30, 2016 |

*Winston & Strawn LLP*
*101 California Street*
*San Francisco, CA  94111-5802*

1
2

**STIPULATED PROTECTIVE ORDER**

**1.**   **A.**   **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**B.**   **GOOD CAUSE STATEMENT**

This action is likely to involve trade secrets, marketing information, and other valuable research, development, commercial, financial, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, including, but not limited to pricing, sales data, profit, and/or loss information and corporate financial statements; information regarding confidential business practices or other confidential research, development, or commercial information (including information implicating privacy rights of third parties); information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5802

confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## C. **ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL**

The parties further acknowledge, as set forth in Section 12.3 below, that this Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 187 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 307 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective order requires good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY does not —without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute

1   good cause.

2     Any document that is not confidential, privileged, or otherwise protectable in its

3   entirety will not be filed under seal if the confidential portions can be redacted.  If

4   documents can be redacted, then a redacted version for public viewing omitting only

5   the confidential, privileged, or otherwise protectable portions of the document, shall

6   be filed.  Any application that seeks to file documents under seal in their entirety

7   should include an explanation of why redaction is not feasible.

8

9   **2.** **<u>DEFINITIONS</u>**

10     2.1 <u>Action</u>:  This pending federal lawsuit.

11     2.2 <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation

12   of information or items under this Order.

13     2.3 <u>"CONFIDENTIAL" Information or Items</u>:  Information (regardless of

14   how it is generated, stored, or maintained) or tangible things that qualify for protection

15   under Federal Rule of Civil Procedure 26(c), and as specified above in the Good

16   Cause Statement.

17     2.4 <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their

18   support staff and vendors provided that the vendors have signed the

19   "Acknowledgment and Agreement to Be Bound" (Exhibit A)).

20     2.5 <u>Designating Party</u>:  A Party or Non-Party that designates information or

21   items that it produces in disclosures or in responses to discovery as

22   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

23   ONLY."

24     2.6 <u>Disclosure or Discovery Material</u>:  All items or information, regardless of

25   the medium or manner in which it is generated, stored, or maintained (including

26   among other things, testimony, transcripts, and tangible things), that are produced or

27   generated in disclosures or responses to discovery in this matter.

28     2.7 <u>Expert</u>:  A person with specialized knowledge or experience in a matter

pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    "HIGHLY CONFIDENTIAL" Information or Items:  Information (regardless of how it is generated, stored or maintained) or tangible things, as defined in Paragraph 2.3, that also contain sensitive business or personal information and/or trade secret information.

2.9    House Counsel:  Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.12    Party:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16    Receiving Party:  A party that receives Disclosure or Discovery Material

1  from a Producing Party.

2  **3.    <u>SCOPE</u>**

3          The protections conferred by this Order cover not only Protected Material (as

4  defined above), but also (1) any information copied or extracted from Protected

5  Material; (2) all copies, excerpts, summaries, or compilations of Protected Material;

6  and (3) any testimony, conversations, or presentations by Parties or their Counsel that

7  might reveal Protected Material.  However, the protections conferred by this

8  Stipulation and Order do not cover the following information: (a) any information that

9  is in the public domain at the time of disclosure to a Receiving Party or becomes part

10  of the public domain after its disclosure to a Receiving Party as a result of publication

11  not involving a violation of this Order, including becoming part of the public record

12  through trial or otherwise; and (b) any information known to the Receiving Party prior

13  to the disclosure as confirmed by written records or obtained by the Receiving Party

14  after the disclosure from a source who obtained the information lawfully and under no

15  obligation of confidentiality to the Designating Party.

16          Any use of Protected Material at trial shall be governed by the orders of the trial

17  judge.  This Order does not govern the use of Protected Material at trial.

18

19  **4.    <u>DURATION</u>**

20          Even after final disposition of this litigation, the confidentiality obligations

21  imposed by this Order shall remain in effect until a Designating Party agrees

22  otherwise in writing or a court order otherwise directs. Final disposition shall be

23  deemed to be the later of (1) dismissal of all claims and defenses in this action, with or

24  without prejudice; and (2) final judgment herein after the completion and exhaustion

25  of all appeals, rehearings, remands, trials, or reviews of this action, including the time

26  limits for filing any motions or applications for extension of time pursuant to

27  applicable law.

28          Once a case proceeds to trial, information that was designated as

CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY or maintained pursuant to this Order, is used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-based documents are part of court record).

**5.    DESIGNATING PROTECTED MATERIAL**

     5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

     Mass, indiscriminate or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

     If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

     5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure of Discovery Material that qualifies for protection

under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY legend"), to each page that contains protected material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specific documents, the Producing Party must affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Production Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in depositions or in other pretrial or trial proceedings,

Designating Party will have 14 days after receipt of the deposition transcript to

inform the other Party or Parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Only those portions of the testimony that are appropriately designated for protection within the 14 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition portions of the transcript that shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Each deposition transcript shall be treated to be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety until the expiration of the 14-day period for the Designating Party to specifically designate the deposition transcript, unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's scheduling order.  A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

6.3    <u>Joint Stipulation</u>.  Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

6.4    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action.  Such Protected Material may be disclosed only to categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons

1    authorized under this Order.

2        7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless

3    otherwise ordered by the court or permitted in writing by the Designating Party, a

4    Receiving Party may disclose any information or item designated "CONFIDENTIAL"

5    only to:

6            (a)  the Receiving Party's Outside Counsel of Record in this Action, as

7    well as employees of said Outside Counsel of Record to whom it is reasonably

8    necessary to disclose the information for this Action;

9            (b)  the officers, directors, and employees (including House Counsel) of

10   the Receiving Party to whom disclosure is reasonably necessary for this Action;

11           (c)  Experts (as defined in this Order) of the Receiving Party to whom

12   disclosure is reasonably necessary for this Action and who have signed the

13   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14           (d)  the court and its personnel;

15           (e)  court reporters and their staff;

16           (f)  professional jury or trial consultants, mock jurors, and Professional

17   Vendors to whom disclosure is reasonably necessary for this Action and who have

18   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

19           (g)  the author or recipient of a document containing the information or a

20   custodian or other person who otherwise possessed or knew the information;

21           (h)  during the depositions, witnesses, and attorneys for witnesses, in the

22   Action to whom disclosure is reasonably necessary provided that:  (1) the deposing

23   party requests that the witness sign the form attached as Exhibit A hereto; and (2) they

24   will not be permitted to keep any confidential information unless they sign the

25   "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed

26   by the Designating Party or ordered by the court.  Pages of transcribed deposition

27   testimony or exhibits to depositions that reveal Protected Material may be separately

28   bound by the court reporter and may not be disclosed to anyone except as permitted

10

1    under this Order; and

2              (i)  any mediator or settlement officer, and their supporting personnel

3    mutually agreed upon by any of the parties engaged in settlement discussions.

4         7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

5    ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in

6    writing by the Designating Party, a Receiving Party may disclose any information or

7    item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only

8    to:

9              (a)  the Receiving Party's Outside Counsel of Record in this Action, as

10   well as employees of said Outside Counsel of Record to whom it is reasonably

11   necessary to disclose the information for this Action;

12             (b)  House Counsel of Plaintiffs, as agreed to by Defendant or as

13   approved by the Court.

14             (c)  Experts (as defined in this Order) of the Receiving Party to whom

15   disclosure is reasonably necessary for this Action and who have signed the

16   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

17             (d)  the court and its personnel;

18             (e)  court reporters and their staff;

19             (f)  the author or recipient of a document containing the information or a

20   custodian or other person who otherwise possessed or knew the information;

21             (g)   professional jury or trial consultants, and to whom disclosure is

22   reasonably necessary for this litigation and who have signed the "Acknowledgment

23   and Agreement to Be Bound" (Exhibit A); and

24             (h)  any mediator or settlement officer, and their supporting personnel

25   mutually agreed upon by any of the parties engaged in settlement discussions.

26

27

28

**8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN ANOTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"  before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this

Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all of the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  If information subject to a claim of attorney-client privilege or work product immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information.  If a party has inadvertently or unintentionally produced information subject to a claim of immunity or privilege, the information for which a claim of inadvertent or unintentional production is made shall be returned to the producing party within five (5) days of the producing party's written request.  Moreover, any notes or summaries referring or relating to any such inadvertently, or unintentionally, produced information shall be destroyed.  In the event that any such information is contained in a produced document, all copies of that document, and any notes or summaries relating thereto that may have been made, shall be destroyed to the extent practicable.  Nothing herein shall prevent the party returning such information from moving the Court for an Order compelling production of such information, but the unintentional or inadvertent production of that information shall not be a basis for such a motion.

## 12.   MISCELLANEOUS

12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3   <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## 13.   FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in section 4 (DURATION).

**14.  <u>VIOLATION</u>**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

///

///

///

1      **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2

3    Dated:  February 7, 2017              WINSTON & STRAWN LLP

4                                          By:  */s/ Diana Hughes Leiden*
                                               David L. Aronoff
5                                              Gayle I Jenkins
                                               Saul S. Rostamian
6                                              Laura M. Franco
                                               Diana Hughes Leiden
7
                                               Attorneys for Plaintiffs
8                                              BANC OF CALIFORNIA, INC. and
                                               BANC OF CALIFORNIA, N.A.
9

10

11   Dated:  February 7, 2017              KNOBBE, MARTENS, OLSON & BEAR LLP

12                                         By:  */s/ Lauren Keller Katzenellenbogen*
                                               Michael K. Friedland
13                                             Lauren Keller Katzenellenbogen
                                               David Cohen
14
                                               Attorneys for Defendant
15                                             FARMERS & MERCHANTS BANK OF
                                               LONG BEACH
16

17   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

18

19   Dated: 2/7/2017

20

21   _____

22   Alexander F. MacKinnon
     United States Magistrate Judge

23

24

25

26

27

28

## **<u>ATTESTATION</u>**

I, Diana Hughes Leiden, attest that the above listed signatories on whose behalf this document is being filed, have concurred in the context and have authorized the filing.

*/s/ Diana Hughes Leiden*
Diana Hughes Leiden

<u>**EXHIBIT A**</u>

<u>**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order

that was issued by the United States District Court for the Central District of

California on _____ [date] in the case _____

[insert formal name of the case and the number and initials assigned to it the court]

(the "Order").  I agree to company with and to be bound by all the terms of this Order

and I understand and acknowledge that failure to comply could expose me to

sanctions and punishment in the nature of contempt.  I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Order to any

person or entity except in strict compliance with the provisions of this Order.  I further

agree to submit to the jurisdiction of the United States District Court for the Central

District of California for enforcing the terms of this Order, even if such enforcement

proceedings occur after termination of this action.  I hereby

appoint_____ [print or type full name] of _____

[print or type full address and telephone number] as my California agent for service of

process in connection with this action or any proceedings related to enforcement of

this Order.


Date: _____


City and State where sworn and signed: _____


Printed Name: _____


Signature: _____

---